FOWLER v. FOWLER. (Circuit Court of Appeals, Third Circuit. February 14, 1906.) No. 62. Appeal from the Circuit Court of the United States for the Middle District of Louisiana. Frank Hasbrouck, for appellant. Everett Warren and H. M. Hannah, for appellee. For opinion of the Circuit Court, see 135 Fed. 405. Before ACHESON and GRAY, Circuit Judges, and J. B. McPHERSON, District Judge.

PER CURIAM. After a careful examination of the record in this case, we entirely concur in the findings of fact and conclusions of law arrived at by

the learned judge of the court below. The unnecessarily numerous assignments of error relate, for the most part, to findings of fact, and may all be considered as an objection to the general finding by the court below, that the allegation of fraud in the bill of complaint had not been sustained. We find nothing in the relations between the parties, or in the facts of this case, as disclosed by the record, which makes the transaction complained of seem an unusual or unreasonable one, or which throws any prima facie imputation upon the good faith of the appellee. It is likely true, as alleged, that the deceased intended to make a will, and, if he had, it was naturally to be expected that he would have left all his property to his wife, who, in their long married life had assisted, by her economies, in acquiring the home and the modest accumulation of personal property which constituted the estate. It was not more than she rightfully might have expected. The sister, who was not in indigent circumstances, recognized this, and, according to the evidence, was quite willing to turn over the home absolutely to her brother's widow. The only real conflict as to what the complainant was willing or not willing to do related to the personalty, to the one-half of which she was entitled by law. We think it is shown by the clear preponderance of evidence that she consented to receive the income of this one-half of said personalty for her life, instead of one-half of the corpus of the same. In consideration of all the facts, the transaction was very far from being an unconscionable one. Upon the opinon of the learned judge of the court below, the decree of that court is affirmed.